1833.

WILTSHIRE
v.
MARFLEET.

WILTSHIRE and another *vs.* MARFLEET alias MOUSLEY.

---

Creditors have no right to file a bill in chancery against a debtor upon a
sale of goods treating him as the debtor, until an execution at law has
been returned unsatisfied, however dishonest the conduct of the latter
may have been. But, if vendors of goods will charge that the purchase
was fraudulent and the defendant has got possession of them by fraud,
and seek to rescind the contract, then the goods and the proceeds can be
enjoined in the hands of such fraudulent purchaser.

Although creditors had set out a case of fraud in the sale of goods, yet, as
by their particular prayer they evidently recognized the transaction as
a sale and sought relief *as creditors* and did not add a *disjunctive* gene-
ral prayer: it was held, that such a bill was demurrable and, conse-
quently, an injunction would not hold.

---

*July 1,*
1833.

*Pleading.*
*Debtor and cre-*
*ditor.*

THE defendant had been a linen draper in London, under
the name of David Marfleet. It appeared by the bill that,
during the month of April in the present year, he had made
numerous purchases of goods and merchandize of the com-
plainants, Frederick Wiltshire and Thomas Massey, who were
partners as merchants, also living in London. These purcha-
ses amounted to about five hundred and fifty-one pounds ster-
ling. No securities had been taken. The bill stated that the
sales were " made in the regular course of trade, and with the
" understanding and belief that the said David Marfleet was a
" person in solvent circumstances and of honest intentions ;"
but, that since his departure, the complainants discovered he
had been, for a considerable time before, insolvent, and deal-
ing with them and other creditors for the purpose of deceiving
and defrauding them and with the view to abscond with as
large an amount of funds and property as he could get togeth-
er. The bill set forth Marfleet's drawing the balance of his

account from his bankers and changing his money into sovreigns at the bank of England; his coming passenger in the packet ship Britannia under the assumed name of John Mousley; and his depositing in the Union Bank of the city of New York, the sum of nine thousand three hundred and seventytwo dollars and fifteen cents, "being the proceeds of the sov-'reigns obtained in the fraudulent manner and with the in-"tent aforesaid." Also, his withdrawing the greater part of such amount from the Union Bank and investing the same in loans; and that a suit at law had been commenced against him by the complainants in the supreme court of the state of New York, and his having been arrested in such suit. The complainants charged, that the said David Marfleet had no other means or property of his own or in his possession, except what was so obtained from the complainants and other creditors; and that the funds brought by him to the city of New York and invested in manner aforesaid were the proceeds of the goods of the complainants and of the other creditors of the said Marfleet, so obtained and converted by means of and under the fraudulent pretences and practices aforesaid, and that the complainants and the other creditors were *justly entitled* to have the benefit thereof.

Prayer: to enjoin the defendant from paying, assigning, transferring or disposing of the said loans, &c.; and that the same might be held subject to the order of this court to satisfy such judgments at law as should be recovered against the said David Marfleet otherwise called John Mousley in favor of the complainants and such other of his creditors as should come in and contribute to the costs of this suit and partake of the benefits thereof; "*and,*" for further relief.

An injunction had been granted by the injunction master; and a motion was now made, upon the bill alone, to dissolve it.

Mr. *David Graham* and Mr. *W. Inglis*, in support of the motion.

Mr. *H. W. Warner* and Mr. *Joshua Coit,* for the complainants.

1833.

WILTSHIRE
*v.*
MARFLEET.
*July* 8.

THE VICE-CHANCELLOR. Creditors can only have their remedy against a debtor after the return of *nulla bona* upon an execution issued under a judgment at law. If it were not so, a creditor might file a bill upon every sale where a debtor did not pay him.

It is true, the bill in this case charges the purchases to have been made in fraud ; at a time when the defendant was insolvent ; and with an intention to abscond and carry away the avails : but then again, the particular prayer evidently recognizes the sales and seeks payment of judgments to be recovered on account of such sales. It proceeds throughout upon the subsisting relation of debtor and creditor. If the bill had shown the fraud and charged that no valid sale had taken place, in fact, and had considered the goods as still being the property of the complainants, it would have been supported and the proceeds arising from any disposition of the property which the defendant might make could have been stopped in any place. Then, the complainants would have appeared as owners and not as creditors. Enough appears to entitle the complainants to relief as owners, but the specific prayer is not adapted to such a case.

Nor will the general prayer help the complainants. It is not put in the alternative ; it is " *and*" for further relief. Chancellor Walworth has thus expressed himself in *Colton* v. *Ross,* 2 *Paige,* 396 : " where the case made by the bill may entitle the " complainant to one kind of relief or another, but not to both, " the prayer should be in the disjunctive. So, if the complain- " ant is in doubt whether the facts of his case entitle him to " the specific relief prayed for or to relief in some other form, " his prayer, concluding for general relief, should be in the " disjunctive. And, in such a case, although he is not entitled " to the relief specifically prayed for, he may, under the gene- " ral prayer, obtain any other specific relief, provided it is con- " sistent with the case made by the bill (per Thompson J. 1,

*" John R.* 559 ; 13 *Ves. jun.* 119 ; 1 *John. Ch. R.* 117 : 2 *Young* " & *Jervis,* 33 ; 2 *Peters' R.* 595.) But, if a complainant prays " for particular relief *and* other relief in addition thereto, he " can have no relief inconsistent with such particular relief, al- "though founded upon the bill." Now, the general prayer here is, by the use of the conjunction, a part of and to be taken in connection with the particular prayer : and if, under the statements of the bill and on account of the case made, this particular prayer cannot be granted, then the general one is powerless.

I consider the bill demurrable ; and while I hold that opinion, I cannot sustain the injunction. Indeed, I am given to understand that actions at law are progressing against this defendant in which he is held to bail. There is no justice in allowing two remedies in a case which the complainants themselves reduce, by their mode of action, to a mere ordinary one of debtor and creditor. However improper and dishonest the conduct of this man may be, I must, nevertheless, dissolve the present injunction.